**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIN LONG QUN,<br><br>   Petitioner,<br><br>   v.<br><br>ON HABEAS CORPUS,<br><br>   Respondent. | Case No.: 1:21-cv-1677-SKO (HC)<br><br>ORDER DIRECTING PETITIONER TO FILE A PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO MAIL PETITIONER A BLANK FORM § 2241 PETITION<br><br>[THIRTY DAY DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* in the instant action. Petitioner commenced this action by filing a motion requesting verification of time credits with the United States District Court for the Southern District of New York.  Petitioner appears to be challenging the computation of time credits with respect to his federal sentence.  It appears that the New York District Court construed his motion as a request for habeas relief.  Thus, on November 4, 2021, the New York District Court issued an order transferring the motion to be opened as a new case in this Court.  Insofar as Petitioner is a federal prisoner challenging the execution of his sentence and Petitioner is presently confined within this District, venue is proper in this Court.

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  The Supreme Court has held

that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases[1] requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

Petitioner will be provided a blank habeas form to complete, should he wish to pursue habeas relief.  To merit habeas relief, Petitioner must allege he is in custody in violation of the Constitution or laws or treaties of the United States.  He must specify his ground(s) for relief and the facts supporting his ground(s).

Petitioner must also name a proper respondent.  A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition.  28 U.S.C. § 2242; Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

If Petitioner is not seeking habeas relief, he is directed to file a motion to dismiss the action.

---

[1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Clerk of Court is DIRECTED to provide Petitioner with a blank form for filing a § 2241 habeas petition; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a habeas petition; or in the alternative, a motion to dismiss the action.

IT IS SO ORDERED.

Dated:   **November 29, 2021**                          /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE