UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIN LONG QUN,<br><br>  Petitioner,<br><br>  v.<br><br>MARIA ARVIZA, Warden,<br><br>  Respondent. | No.  1:21-cv-01677-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE**<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DENY PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 11]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On November 16, 2021, Petitioner filed a petition for writ of habeas corpus. On December 9, 2021, he filed a first amended petition. He is in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution located in Mendota, California. He challenges the computation of his federal sentence by the BOP. He claims the BOP failed to credit his federal sentence for the seven months (August 2000 to March 2001) he spent in a federal detention center prior to his conviction.

On February 14, 2022, Respondent filed a motion to dismiss in which he contends: 1) Petitioner failed to exhaust his administrative remedies; and 2) The claims are meritless insofar as the BOP has correctly computed his federal sentence. Petitioner did not file an opposition.

1

For reasons discussed below, the Court will RECOMMEND Respondent's motion be GRANTED and the petition be DENIED with prejudice.

## DISCUSSION

**I.      Background**

*A.      State Proceedings*

On September 7, 1993, Petitioner was arrested and charged in Philadelphia Court of Common Pleas with two counts of aggravated assault, robbery, carrying a firearm on a public street, simple assault, and reckless endangerment. (Doc. 9-1 at 4.) Petitioner was convicted on all counts, and on July 22, 1996, was sentenced to 5-10 years plus a consecutive term of 2-5 years. (Doc. 9-1 at 4.)

On July 31, 1995, Petitioner was arrested and charged in Chester County Pennsylvania Court of Common Pleas with five counts of robbery, burglary, criminal conspiracy, terrorist threats, possession of instruments of crime, and false imprisonment. (Doc. 9-1 at 3.) Petitioner was found guilty on all counts, and on July 15, 1996, was sentenced to a term of 15-40 years. (Doc. 9-1 at 4.)

*B.      Federal Proceedings*

On July 24, 2000, Petitioner was indicted in the United States District Court for the Southern District of New York for two counts of conspiracy to commit murder and one count of using and carrying a firearm during and in relation to a crime of violence. United States v. Qun, Case No. 1:00-cr-00694-LJL-2 (S.D.N.Y. 2000.)

On August 16, 2000, Petitioner was taken into custody by the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum (WHCAP) issued by the New York District Court to obtain Petitioner's presence to answer to the federal charges. (Doc. 9-1 at 4.) On December 1, 2000, Petitioner pleaded guilty as charged. (Doc. 9-1 at 4.)

On March 8, 2001, Petitioner was sentenced in the New York District Court to an aggregate term of 300 months. (Doc. 9-1 at 5.) The judgment provided that the federal terms were to run consecutive with one another, and concurrent with Petitioner's state sentence. (Doc. 9-1 at 14.)

2

On April 4, 2001, Petitioner was returned to state custody to serve his state sentence, which concluded on August 13, 2010. (Doc. 9-1 at 5.) On that date, Petitioner was taken into exclusive federal custody. (Doc. 9-1 at 5.)

   *C.*  *Federal Sentence Calculation*

The BOP determined that Petitioner's sentence, which was imposed on March 8, 2001, commenced on that same date. (Doc. 9-1 at 6-7.) He was given credit against his federal sentence for the remaining time served in custody on his state sentence; however, he was not given credit for any prior custody, as he received credit for that time toward his state sentence. (Doc. 9-1 at 7.) Based on this calculation, Petitioner has a projected release date of July 23, 2022, with credit for good conduct. (Doc. 9-1 at 7.)

**II.  Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

Here, Petitioner alleges he is being unlawfully denied credit against his federal sentence. Since Petitioner is challenging the execution of his sentence rather than its imposition, the claim

3

is proper under 28 U.S.C. § 2241.

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. Petitioner is incarcerated at the Federal Correctional Institution located in Mendota, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d).

**III.    Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

Respondent submits that there is no record of any requests made by Petitioner to avail himself of any administrative remedies. Petitioner contends he submitted a request to the warden but received no response; however, he offers no proof of such a request, and there is no record of it. Therefore, Respondent is correct that the claims have not been administratively exhausted, and

the petition should be dismissed for lack of exhaustion.  In addition, as discussed below, the claims are without merit.

### IV.    Commencement of Federal Sentence

The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises it through the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 334-35 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir. 1998), *cert denied*, 525 U.S. 1091 (1999).  "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody."  United States v. Smith, 812 F.Supp 368, 370 (E.D.N.Y. 1993); Jimenez v. Warden, FDIC, Fort Devens, Mass., 147 F.Supp.2d 24, 27 (D.Mass.2001); Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa. 1996), *affirmed by*, 100 F.3d 946 (3rd Cir. 1996).  A federal sentence commences "on the date the defendant is received in custody. . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); Thomas v. Brewer, 923 F.2d 1361, 1369 (9th Cir. 1991).

Petitioner contends his sentence should be credited for time he spent in federal custody prior to conviction.  It is undisputed that Petitioner was taken into federal custody on August 16, 2000.  It is also clear that Petitioner was not "received into [federal] custody...to commence service of sentence at the official detention facility at which the sentence is to be served" during the period from August 16, 2000, to April 4, 2001, because during that time period, Petitioner, despite being temporarily placed with federal authorities, was still serving his state sentence and still in the primary custody of the State of Pennsylvania.  Title 18 U.S.C. § 3585, provides, *inter alia*, that "[a] defendant be given credit for any time spent in official detention prior to the date a sentence commences . . . *that has not been credited against another sentence*."  18 U.S.C. § 3585(b) (emphasis added).  Petitioner had already received credit for that time on his state sentence, which precludes him from receiving the same credits on his federal sentence.  18 U.S.C. § 3585(b)(2). To give Petitioner credit for the time period he was borrowed from the State of Pennsylvania would violate the plain language of § 3585(b), and is barred by United States v. Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear [in Section 3585(b)] that a defendant

5

1  could not receive a double credit for his detention time.").

2  Thus, it is evident that Petitioner is not entitled to any credit for time spent in federal custody
3  from August 16, 2000, to April 4, 2001, under § 3585(b).  As noted by Respondent, all the time
4  Petitioner now seeks to have credited against his federal sentence has already been credited toward
5  his state sentence.  Since Petitioner has received full credit against his state sentence for all the time
6  spent in federal custody pursuant to the writ of habeas corpus, he is not entitled to any additional
7  credit, which would in effect be double credits against his federal sentence for the same period of
8  time.  18 U.S.C. § 3585(b); see also United States v. Wilson, 503 U.S. 329, 337; Boniface v.
9  Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988) (per curiam) (concluding that "[s]ince the State of
10 Florida gave [petitioner] credit on his state sentence for the period of time he was denied release
11 [from state custody], he is not entitled to credit against his federal sentence for the same period of
12 time"); Rios v. Wiley, 201 F.3d 257, 274-275 (3d Cir. 2000) ("[T]he general rule prohibiting double
13 credit articulated in section 3585(b) applies equally to situations where, as here, the prisoner was
14 in federal control pursuant to a writ of habeas corpus ad prosequendum during the time period for
15 which a pre-sentence credit is sought."); United States v. LaBeille-Soto, 163 F.3d 93, 99 (2d Cir.
16 1998) ("[A] defendant has no right to credit on his federal sentence for time that has been credited
17 against his prior state sentence.").  Thus, the claims are without merit.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED, and the petition for writ of habeas corpus be DENIED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with

the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 28, 2022**                             /s/ *Sheila K. Oberto*
                                                                             UNITED STATES MAGISTRATE JUDGE