UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIN LONG QUN,<br><br>              Petitioner,<br><br>      v.<br><br>MARIA ARVIZA, Warden,<br><br>              Respondent. | No.  1:21-cv-1677 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 11)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>[NO CERTIFICATE OF APPEALABILITY IS REQUIRED] |

      In this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Petitioner challenges the Bureau of Prisons' computation of his federal sentence.  Petitioner asserts the BOP failed to credit his federal sentence for the seven months (August 2000 to March 2001) he spent in a federal detention center before his conviction.

      Respondent moved to dismiss the petition, asserting Petitioner failed to exhaust his administrative remedies and the claims were meritless because the BOP correctly computed the federal sentence.  (Doc. 9.)  The magistrate judge found there was no record Petitioner exhausted his administrative remedies and recommended the petition "be dismissed for lack of exhaustion."  (*Id.* at 4-5.)  The magistrate judge found Petitioner received credit for the time served on his state

1

sentence, which precluded him from receiving the same credits on his federal sentence under 18 U.S.C. § 3585. (*Id.* at 5-6.) The magistrate judge determined it was "evident that Petitioner is not entitled to any credit for time spent in federal custody from August 16, 2000, to April 4, 2001" under 18 U.S.C. § 3585. (*Id.* at 5-6.) Therefore, the magistrate judge found Petitioner's "claims are without merit" and recommended the petition be denied with prejudice on March 28, 2022. (*Id.* at 6.)

The Findings and Recommendations notified all parties that any objections thereto were to be filed within thirty days after service. (Doc. 11 at 6-7.) The Court also advised them that "failure to file objections within the specified time may waive the right to appeal the Order of the District Court." (*Id.* at 6, citing *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).) No objections have been filed, and the deadline to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the Findings and Recommendations are supported by the record and proper analysis.

In addition, the Court notes that the plain language of 28 U.S.C. § 2253(c)(1) does not require a certificate of appealability, because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in habeas proceedings in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see also Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 28, 2022 (Doc. 11), are adopted in full.
2. Respondent's motion to dismiss (Doc. 9) is granted.
3. The petition for writ of habeas corpus is denied with prejudice.
4. The Clerk of Court is directed to enter judgment and close the case.
5. Should an appeal be filed, no certificate of appealability will be required.

///

///

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: __**May 22, 2022**__                                    _____
                                                                                          UNITED STATES DISTRICT JUDGE